613 So.2d 768 (1993)
Umar SHARRIF and Barry Martyn
v.
AMERICAN BROADCASTING COMPANY, Cara Communications Corp., d/b/a Vin Di Bona Productions, Telepool, ABC Insurance Company, DEF Insurance Company and XYZ Insurance Company.
No. 92-CA-0574.
Court of Appeal of Louisiana, Fourth Circuit.
January 28, 1993.
*769 Bruce C. Ashley, II, New Orleans, for appellants.
William W. Miles, New Orleans, for appellees.
Before KLEES, CIACCIO and WALTZER, JJ.
CIACCIO, Judge.
This is an appeal from a judgment of the trial court which sustains defendants' exception of no cause of action and dismisses plaintiffs' suit with prejudice. For the reasons stated, we reverse and remand this case for further proceedings consistent with this opinion.
On September 12, 1991, plaintiffs Umar Sharrif and Barry Martyn filed a petition in Civil District Court naming as defendants American Broadcasting Company ("ABC"), Cara Communications Corporation, and Telepool, as well as their respective insurers. Plaintiffs allege that they are professional musicians who performed at a concert in Germany during the Christmas Tour of 1987. During the concert, the stage on which the plaintiffs were performing unexpectedly collapsed, causing them to fall. Plaintiffs allege that an unauthorized video was made of the incident and was subsequently shown on "Germany's Funniest Home Videos," produced by Telepool, and on "America's Funniest Home Videos" which is produced by ABC. Plaintiffs allege that their privacy interests were invaded by the production and airing of the segments on national and international television, and they claim damages for the loss to their professional reputations.
In response to this petition, defendants filed a peremptory exception of no cause of action, arguing that plaintiffs failed to state a claim upon which relief could be granted. The trial court sustained defendants' exception without written reasons on December 12, 1991. It is from this judgment which plaintiffs now appeal.
The peremptory exception of no cause of action tests the legal sufficiency of the petition and is triable on the face of the papers; for the purpose of determining the issues raised by this exception, the well pleaded facts in the petition and any annexed documents must be accepted as true. La.C.C.P. art. 927; Kuebler v. Martin, 578 So.2d 113, 114 (La.1991); Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La.1984). Further, when it can reasonably do so, the court should maintain a petition against a peremptory exception so as to afford the litigant an opportunity to present his evidence. Kuebler, supra at 114.
The exception of no cause of action raises the question of whether the law affords a remedy to anyone based only upon the allegations of fact in the petition under any theory of the case. Mitchell v. Crane, 485 So.2d 613 (La.App. 4th Cir.1986).
*770 In Jaubert v. Crowley Post-Signal, Inc., 375 So.2d 1386 (La.1979), the Louisiana Supreme Court restated the definition of the right to privacy as "the right to be let alone" and the "right to an `inviolate personality.'" Where an individual has such a right other members of society have a corresponding duty not to violate that right. A violation constitutes a breach of duty, or fault, and may be actionable under La.C.C. art. 2315. An actionable invasion of privacy occurs only when the defendant's conduct is unreasonable and seriously interferes with the plaintiff's privacy interest. Jaubert, supra at 1388-89.
The court in Jaubert further outlined the four types of invasion of privacy:
One type of invasion takes the form of the appropriation of an individual's name or likeness, for the use or benefit of the defendant. While it is not necessary that the use or benefit be commercial or pecuniary in nature, the mere fact that a newspaper is published for sale does not constitute such use or benefit on the part of the publisher. Another type of invasion occurs when the defendant unreasonably intrudes upon the plaintiff's physical solitude or seclusion. Because the situation or activity which is intruded upon must be private, an invasion does not occur when an individual makes a photograph of a public sight which any one is free to see; ... A third type of invasion consists of publicity which unreasonably places the plaintiff in a false light before the public. While the publicity need not be defamatory in nature, but only objectionable to a reasonable person under the circumstances, it must contain either falsity or fiction. A fourth type of invasion is represented by unreasonable public disclosure of embarrassing private facts.
Jaubert, supra, 375 So.2d at 1388.
The plaintiffs' petition, in pertinent part, reads as follows:
The plaintiffs privacy interests have been invaded in the following non-exclusive ways:
(1) The defendants have appropriated the plaintiffs likenesses without the authorization or compensation to plaintiffs. The defendants have profited and continue to profit off of the unauthorized video.
(2) The showing of the unauthorized video on international, national and local television has unreasonably intruded on plaintiffs physical solitude or seclusion.
(3) The publicity surrounding the videos has unreasonably placed the plaintiffs in a false light before the public. Both plaintiffs have worked hard to establish reputations as serious musicians.
In the unauthorized subject video they are shown in awkward and embarrassing positions during a traumatic event and
(4) Their privacy interests have been invaded by an unreasonable public disclosure of embarrassing private facts. The collapse of the stage, was not a comical or staged event. It was a serious traumatic and unexpected event which was not expected or intended to be seen by anyone besides the viewing audience at the concert. At no time did plaintiffs have knowledge of or authorize anyone to record or make a video of the concert.
In support of their peremptory exception, defendants argue that plaintiffs' petition has failed to state a claim for invasion of privacy as the concert in which plaintiffs performed was held in a public arena, and plaintiffs therefore abandoned their privacy interests. Defendants argue that Louisiana law provides no remedy to someone who voluntarily appears publicly at a music concert. Defendants further argue that the videotape shown of plaintiffs could not have placed them in a false light, as the showing was neither "false," nor was it "highly offensive to a reasonable person," both of which are required under Louisiana law.
In support of their position, defendants cite this Court's decision in Easter Seal Soc. v. Playboy Enterprises, 530 So.2d 643 (La.App. 4th Cir.), writ denied, 532 So.2d 1390 (La.1988). In the Easter Seal case, plaintiffs voluntarily participated for the benefit of the Easter Seal Society in a French Quarter parade which was videotaped by a local television station. The videotape was subsequently forwarded to a *771 Canadian producer, and portions of the tape were used in an adult film entitled Candy the Stripper without the knowledge or authorization of plaintiffs. Plaintiffs sued the producers of the film for defamation and invasion of privacy, and the trial court awarded damages in plaintiffs' favor.
In reversing the trial court's judgment this Court found that the parade was not a private affair, and plaintiffs were aware they were being taped. However, the Court went on to state:
The tort of false light invasion of privacy affronts that private self by publicizing a public display in a manner which is both unreasonable and false. If the publicity is an accurate portrayal of the public display, if the publicity is not unreasonable and false, then plaintiff has no actionable privacy interest, even if the publicity has caused embarrassment, offense, or damage. Easter Seal, supra at 647.
The Court concluded that plaintiffs had failed to prove a "false light" invasion of privacy as the portrayal of plaintiffs in the film was neither false nor unreasonable. Although the Court accepted that plaintiffs may have been embarrassed by the film, the Court reviewed the film and concluded that "the rendering of their public display was not inaccurate and did not present their "inviolate personalities in a false light." Id. at 647.
In the present case, plaintiffs allege in their petition that they are serious musicians, and were performing in the concert in their roles as such. They further allege that the videotape portrayed them as comedians rather than as the serious musicians they are. They allege that the videotape was inaccurate as it portrayed a traumatic incident as a comical or staged event. Plaintiffs specifically contend that the videotape unreasonably placed them in a false light before the public.
Accepting these allegations in the petition as true, we are unable to state that plaintiff failed to state a cause of action for invasion of privacy. Although our decision does not concern the merits of plaintiffs' allegations, we find that whether the publicity generated by the videotape was understood to portray plaintiffs in an objectionable way is a factual matter for determination by the trier of fact. We conclude that plaintiff's assertions that their privacy interests were violated by the production of this videotape by defendants is not a conclusion to be disregarded but is a well-pleaded general allegation that when accepted as true states a cause of action in invasion of privacy.
Accordingly, the trial court's ruling which sustained defendants' exception of no cause of action is reversed. This case is remanded for proceedings not inconsistent with this opinion. Defendants are assessed the costs of this appeal.
REVERSED AND REMANDED.