669 So.2d 1293 (1996)
Michael DALY
v.
William P. REED.
No. 95-C-2445.
Court of Appeal of Louisiana, Fourth Circuit.
February 15, 1996.
*1294 Wayne T. McGaw, New Orleans, for Relator.
Arthur J. O'Keefe, O'Keefe, O'Keefe, & Bernstein, New Orleans, and Cerio A. DiMarco, Law Offices of Cerio A. DiMarco, New Orleans, for Respondent.
Before KLEES, BYRNES and LANDRIEU, JJ.
BYRNES, Judge.
We grant defendant William P. Reed's writ application to review the trial court's denial of relator's exception of no cause of action. We affirm.
South Central Bell Telephone Company terminated the employment of at-will employee, Michael S. Daly, who brought an action against William P. Reed, an investigator, and his insurance company, based on the claim that the plaintiff's employment termination was caused by Reed's fault when Reed allegedly invaded plaintiff's privacy and disclosed plaintiff's personal and private information to the phone company.
Defendant Reed argues that the plaintiff failed to state a cause of action based on negligent interference with a contract, invasion of privacy, or the doctrine of an abuse of rights.
The peremptory exception of no cause of action tests the legal sufficiency of the petition, and the court must determine whether the law affords a remedy for the particular harm alleged by the plaintiff. Lewis v. Aluminum Co. of America, 588 So.2d 167 (La.App. 4 Cir.1991), writ denied, 592 So.2d 411 (La.1992). For purposes of ruling on the exception of no cause of action, the court must accept all the allegations of the petition as true. Oster v. Oster, 563 So.2d 490 (La.App. 4 Cir.1990), writ denied 568 So.2d 1059 (La.1990). Courts look beyond mere headings and terminology used on or in pleadings to determine the circumstances and true nature of the suit. Adams v. First Nat. Bank of Commerce, 93-2346, 94-048 (La.App. 4 Cir. 9/29/94), 644 So.2d 219, writ denied 94-3053 (La. 2/3/95), 649 So.2d 411. Any doubt as to the sufficiency of the petition must be resolved in favor of the plaintiff. Ricard v. State, 544 So.2d 1310 (La.App. 4 Cir.1989).

Invasion of Privacy
A cause of action for invasion of privacy lies under La.C.C. art. 2315 for among other acts, unreasonable disclosure of embarrassing private facts. Jaubert v. Crowley Post-Signal, Inc., 375 So.2d 1386 (La.1979); Sharrif v. American Broadcasting Co., 613 So.2d 768 (La.App. 4 Cir.1993). An actionable invasion of privacy occurs only when the defendant's conduct is unreasonable and seriously interferes with the plaintiff's privacy interest. In re Viviano, 93-1368 (La.App. 4 Cir. 11/17/94), 645 So.2d 1301, writ denied 94-3095 (La. 2/17/95), 650 So.2d 254. To be actionable, it is not necessary that there be malicious intent on the part of the defendant; rather, the reasonableness of the defendant's conduct in a breach of privacy action is determined by balancing the plaintiff's interest in protecting his privacy from serious invasions with the defendant's interest in pursuing his course of conduct. Smith v. Arkansas Louisiana Gas Co., 26,180 (La.App. 2 Cir. 10/22/94), 645 So.2d 785, writ denied, 95-0035 (La. 3/10/95), 650 So.2d 1179.
In the present case the plaintiff's petition in pertinent part states:
V.
Petitioner's firing from the Telephone Company was caused by the fault of Defendant, William P. Read, who invaded Petitioner's privacy and interested himself in and snooped into Petitioner's personal and private affairs and thereafter made disclosures [to] petitioner's employer, South Central Bell Telephone Company of such a significance and magnitude so as to result in Petitioner being fired from his job with the Telephone Company in New Orleans, La.
*1295 The defendant argues that the phone company has a property interest in plaintiff's telephone records so that plaintiff had no expectation of privacy in those phone records. However, the plaintiff states his cause of action not against the phone company but against the investigator. The plaintiff's petition states that Reed snooped into the petitioner's personal and private affairs and made disclosures to the petitioner's employer, the phone company. The petition's language encompasses the invasion of plaintiff's phone records as well as other private matters which resulted in unauthorized communications.
Accepting the allegations of the petition as true, we are unable to conclude that the plaintiff failed to state a cause of action for invasion of privacy. A qualified privilege to communicate events is a defense under certain circumstances. Klump v. Schwegmann Bros. Giant Supermarkets, Inc., 376 So.2d 514 (La.App. 4 Cir.1979), writ denied, 378 So.2d 1391 (La.1980). In his brief the plaintiff did not state that the defendant was employed by the phone company but that Reed, the investigator, represented to the plaintiff that Reed was employed by the phone company. The status of the defendant's employment is not reflected in the petition. The question of the defendant's employment, the extent of the investigator's apparent authority to review and disclose the plaintiff's affairs, the question of what private matters were disclosed by the defendant, and the question of whether the defendant's interest in revealing the disclosures was greater than the petitioner's privacy interest are issues that should be determined on the merits. Those determinations cannot be made on an exception of no cause of action.
When the petition states a cause of action as to any ground or portion of a demand, the exception must be overruled. Pitre v. Opeloussas General Hosp., 530 So.2d 1151 (La.App. 4 Cir.1989). Because plaintiff states a cause of action based on invasion of privacy, it is unnecessary to review causes of action based on the doctrine of abuse of rights or negligent interference with a contract.
Accordingly, we find no error in the ruling of the trial court denying the exception of no cause of action.
WRIT GRANTED; RELIEF DENIED.