721 So.2d 1075 (1998)
Robert PERERE
v.
LOUISIANA TELEVISION BROADCASTING CORPORATION.
No. 97 CA 2873.
Court of Appeal of Louisiana, First Circuit.
November 6, 1998.
*1076 Sumpter B. Davis, III, Baton Rouge, LA, for Plaintiff Appellant Robert Perere.
*1077 W. Luther Wilson, Baton Rouge, LA, for Defendant Appellee Louisiana Television Broadcasting Corp.
Before SHORTESS, C.J., and CARTER and FOIL, JJ.
FOIL, Judge.
This appeal challenges the trial court's dismissal of a tort suit on an exception of no cause of action. We reverse.
Robert Perere filed this defamation action against Louisiana Television Broadcasting Corporation, d/b/a WBRZ TV Channel 2, alleging that he was humiliated and suffered emotional distress as a result of a statement made by a WBRZ reporter during a broadcast of a segment entitled "2 On Your Side." Specifically, he averred that on November 25, 1996, Sharon Weston, a WBRZ employee, interviewed Dawn Wooley Perere, his exwife, who was dying of cancer. After introducing Ms. Wooley as a victim of terminal cancer, Ms. Weston stated:
When she says trials, she's not exaggerating. Her husband walked out on her three years ago leaving her the responsibility to raise their nine children and if that wasn't enough to try her faith, she was just recently diagnosed with liver cancer.
Plaintiff alleged that he and Dawn had actually mutually agreed to an uncontested divorce signed by the East Baton Rouge Parish Family Court on April 20, 1994. He and Dawn had only seven children, while Dawn had two children from a prior marriage who were gainfully employed.
Furthermore, plaintiff alleged, he and Dawn were given custody of their seven children, and he agreed to pay child support in the amount of $1,588.00 per month, and alimony in the sum of $75.00 per month. Plaintiff alleged that he never missed an alimony or child support payment, and provided all of his children with medical and dental insurance.
Plaintiff averred that because of the broadcast, he was held up to scorn and ridicule by his family members, employees and his social acquaintances.
In response, WBRZ filed a peremptory exception raising the objection of no cause of action. WBRZ claimed that plaintiff failed to allege that the quoted language was false and failed to allege that WBRZ or its employee were motivated by malice. Further, WBRZ asserted, the petition did not allege anything meeting the legal requirements of libel or slander per se.
The trial judge granted the exception of no cause of action, allowing plaintiff time to amend his petition to state a cause of action. Plaintiff did not amend the petition, and this appeal, challenging the granting of the exception of no cause of action, followed.

DISCUSSION
The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La.1993). No evidence may be introduced to support or controvert the objection, and all well pleaded allegations of fact are accepted by the court as true. Id. Thus, the only issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought.
Plaintiff filed this action as a suit for defamation. Defamation is an invasion of a person's interest in his reputation and good name. To prevail in a defamation action, the plaintiff must prove defamatory words, publication, falsity, malice (actual or implied) and resultant injury. Moore v. Cabaniss, 29,834, pp. 5-6 (La.App. 2 Cir. 9/24/97); 699 So.2d 1143, 1146, writ denied, 97-2667 (La.1/9/98); 705 So.2d 1108. The failure of any of these elements of proof is fatal to the action. Id.
We believe that the allegations of plaintiff's petition state a cause of action for the tort of invasion of privacy, which is closely related to the tort of defamation. This tort is based on an unreasonable intrusion into a person's seclusion or solitude, or into his private affairs. Moore v. Cabaniss, 29,834 at p. 6; 699 So.2d at 1147.
*1078 Louisiana law recognizes a cause of action for "false light" invasion of privacy. The cause of action arises from publicity which unreasonably places the plaintiff in a false light before the public. The publicity need not be defamatory in nature, but must be objectionable to a reasonable person under the circumstances and must contain either falsity or fiction. Smith v. Arkansas Louisiana Gas Company, 26,180, p. 8 (La. App. 2 Cir. 10/26/94); 645 So.2d 785, 790, writ denied, 95-0035 (La.3/10/95); 650 So.2d 1179; Hines v. Arkansas Louisiana Gas Company, 613 So.2d 646, 658 (La.App. 2 Cir.), writ denied, 617 So.2d 932 (La.1993). Furthermore, unlike a defamation action, it is not necessary that there be malicious intent on the part of the defendant. Rather, the reasonableness of defendant's conduct in a breach of privacy action is determined by balancing the plaintiff's interest in protecting his privacy from serious invasions with the defendant's interest in pursuing his course of conduct. Daly v. Reed, 95-2445, p. 2 (La. App. 4 Cir. 2/15/96); 669 So.2d 1293, 1294.[1]
Plaintiff alleges that the WBRZ reporter's statement that he "walked out" on his family implied that he had abandoned his children and their sick mother, when in truth he had divorced his wife and thereafter provided support for his children. This false portrayal, he claims, caused him to suffer humiliation and embarrassment.
Whether the challenged broadcast portrayed plaintiff in an objectionable way and whether he actually suffered harm because of the statement are factual matters to be decided by the trier of fact. See Sharrif v. American Broadcasting Co., 613 So.2d 768, 771 (La.App. 4th Cir.1993). Furthermore whether WBRZ acted unreasonably under all of the circumstances is a question of fact to be decided on the merits of the invasion of privacy claim.
Accordingly, based on the foregoing, we reverse the trial court's ruling sustaining the exception of no cause of action. The case is remanded to the trial court for proceedings consistent with the views expressed in this opinion. Costs of this appeal are assessed to appellee.
REVERSED AND REMANDED.
NOTES
[1] Since plaintiff is obviously not a public figure and the subject of his absence from the home of a dying woman is not a matter of public concern, the First Amendment would impose no additional burdens of proof on plaintiff in order to recover from a media defendant on an invasion of privacy claim. See Romero v. Thomson Newspapers, 94-1105 (La.1/17/95); 648 So.2d 866, cert. denied, 515 U.S. 1131, 115 S.Ct. 2556, 132 L.Ed.2d 810 (La.1995).