806 So.2d 98 (2001)
Montarvi STERN
v.
Officer John DOE, City of New Orleans, and WGNO, Inc.
No. 2001-CA-0914.
Court of Appeal of Louisiana, Fourth Circuit.
December 27, 2001.
*99 Heather E. Baldo, New Orleans, LA, Counsel for Plaintiff/Appellant, Montarvi Stern.
Mary Ellen Roy, Sheryl A. Odems, Phelps Dunbar LLP, New Orleans, LA, Counsel for Defendant/Appellee, WGNO, Inc.
Court composed of Judge STEVEN R. PLOTKIN, Judge JAMES F. McKAY III, Judge MICHAEL E. KIRBY.
STEVEN R. PLOTKIN, Judge.
The issue in this case is the first interpretation of La. C.C.P. art. 971, "special motion to strike." At issue is whether the trial court properly dismissed plaintiff's "false light" invasion of privacy claim against the defendant, a T.V. station. Inherent herein is the paradox of the liberty of the press balanced against the private life of an ordinary citizen.
Plaintiff, Montarvi Stern, appeals the trial court's granting of the Special Motion to Strike and Peremptory Exception of No Cause of Action. For the reasons discussed below, we affirm.

STATEMENT OF FACTS
This case arises out of a news report which aired on August 28, 2000 on WGNO. Montarvi Stern was a student at Frederick A. Douglas High School. On August 28, *100 2000 truancy Officer Mark Wilson stopped and questioned the plaintiff. Plaintiff could not produce identification when it was requested by the officer. When Wilson was unable to confirm Stern's identity or age he transported the plaintiff to the Orleans Parish truancy enforcement center. The processing of Stern by the truancy officers, including the emptying of his pockets, occurred in the public lobby of the truancy center. The contents of his pockets included cash, a condom and a stick of gum. All of these activities were being filmed by WGNO news personnel who were doing a story on truancy. Truancy was a special interest since it was such a serious problem in New Orleans schools. Prior to this incident both the print and electronic media reported on the social causes and effects of truancy and the impact it had on students.
WGNO aired the truancy story that evening during the 5:00 p.m. news broadcast. The plaintiff's name was never mentioned during the broadcast. While the footage of plaintiff was used the following audio was heard:
Tom Bagwill: Police picked up this guy just across the street from his school.
Officer Wilson: How old are you?
Plaintiff: Seventeen, eighteen.
Officer Wilson: Eighteen? Let's see some I.D.
Plaintiff: Don't have any, officer.
Bagwill: No I.D., no excuse.
Officer Wilson: Have a seat.
Bagwill: At the truancy center, we discovered he was prepared, just not for school. Mom says it was a paperwork problem. She says he'll be in class tomorrow.
Prior to the broadcast, Stern alleges that his sister, Charlotte Hayward, called WGNO, told them that the plaintiff was not truant and that he had been sent home because of a school paperwork problem. During the broadcast WGNO pointed out that Stern's mother had called the station and said that her son had not been in school because of a paperwork problem. The plaintiff never offered any contesting affidavits and does not dispute the television record.
On or about October 12, 2000, Stern brought this action against the City of New Orleans, "John Doe" officer and WGNO, alleging that WGNO's actions constituted invasion of privacy and "negligence." WGNO filed a Special Motion to Strike plaintiff's claims against it pursuant to La.C.C.P. art. 971. WGNO also filed a Peremptory Exception of No Cause of Action. The trial court granted both the special motion and the exception of no cause of action. WGNO prays that the trial court's judgment be affirmed in all respects, except insofar as it fails to grant reasonable attorneys' fees and costs to WGNO.
On appeal, the sole issue raised by the plaintiff is that the trial court erred in ruling that he had no probability of success on his claim of false light invasion of privacy and in holding that the footage of Stern was legitimately connected to the public issue of truancy.[1]

SPECIAL MOTION TO STRIKE
The purpose of this statute is to review frivolous and meritless claims against the media at a very early stage in the legal proceedings. The standard for a trial court to grant this special motion to strike is the "probability of success", a legally ambiguous term. In this case, the *101 legal standards for success or failure for a "false light/right of privacy" cause of action is well established. Further, the facts herein are undisputed. Thus we are able, in this case, to interpret and apply this special procedural device.
The Louisiana Legislature passed in 1999 Louisiana Code of Civil Procedure Article 971 entitled Special Motion to Strike. The statute provides in pertinent part:
A. (1) A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established a probability of success on the claim.
(2) In making its determination, the court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based.
(3) If the court determines that the plaintiff has established a probability of success on the claim, neither that determination nor the fact of that determination shall be admissible in evidence at any later stage of the proceeding, and no burden of proof or degree of proof otherwise applicable shall be affected by that determination.
B. In any action subject to Paragraph A of this Article, a prevailing defendant on a special motion to strike shall be entitled to recover reasonable attorney's fees and costs. If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award reasonable attorney's fees and costs to a plaintiff prevailing on the motion.
The legislature found that there had been a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for redress of grievances. The intent of this statute is to encourage continued participation in matters of public significance and to prevent this participation from being chilled through an abuse of judicial process.

FALSE LIGHT/RIGHT OF PRIVACY
"Louisiana law recognizes a cause of action for `false light' invasion of privacy." Smith v. Arkansas Louisiana Gas Company, p. 8 (La.App. 2 Cir. 10/26/94); 645 So.2d 785, 790, writ denied, 95-0035 (La.3/10/95); 650 So.2d 1179. This arises from publicity which unreasonably places the plaintiff in a false light before the public. In analyzing a claim for invasion of privacy the three elements to be considered are a privacy interest, falsity, and unreasonable conduct. Perere v. Louisiana Television Broadcasting Corp., XXXX-XXXX (La. 1 Cir. 9/28/01), ___ So.2d ___, 2001 WL 1181022. In the instant case the plaintiff did not have an expectation of privacy when he was on the public sidewalk or in the truancy center. There was no false information reported in the WGNO news cast so there is not a valid cause of action for false light invasion of privacy. The plaintiff does not contend that any part of the story was inaccurate but merely claims that it portrayed him in an unfavorable manner. "More than insensitivity or simple carelessness is required for the imposition of liability for damages when the publication is truthful, accurate and non-malicious." Roshto v. Hebert, 439 So.2d 428, 430 (La.1983). Defendant's action in this case was reasonable. WGNO was running a story on truancy and they sent out a reporter to follow along with the truancy officers. The information was being used to make viewers *102 aware of the truancy problem facing the city's school system.
Plaintiff claims that the airing of his arrest and the contents of his pocket was highly offensive. However, Stern fails to offer any evidence or reasons for why this was highly offensive to him. The fact that members of his family were allegedly embarrassed does not make this publication highly offensive. Plaintiff's contention that a reasonable man would find it offensive for people to know that he carried a condom lacks merit. Plaintiff fails to offer any proof that the general public, or anybody for that matter, finds it offensive for someone to carry a condom. Even though footage of plaintiff being taken into the truancy center may have been embarrassing or offensive for the plaintiff, it did not constitute an unreasonable invasion of his privacy.
WGNO did not have a duty to avoid "reasonable, accurate publicity because it embarrasses and offends" the plaintiff or members of his family. Easter Seal Society v. Playboy Enterprises, 530 So.2d 643 (La.App. 4th Cir.1988). The footage used was reasonable given the topic of the story being aired. The station had a legitimate purpose in airing the story and the footage of the truancy officers was needed to show that there is an effort to remedy the problem. The plaintiff has failed to demonstrate that all of the necessary elements of a false light claim existed in this case.
The plaintiff argues that WGNO's conduct was not reasonable since they disclosed private facts about the plaintiff and portrayed him in a false light. This cause of action arises when there is publicity which unreasonably places the plaintiff in a false light before the public. In order to succeed with this type of action the publicity "must be objectionable to a reasonable person under the circumstances and must contain either falsity or fiction." Smith v. Arkansas Louisiana Gas Company, p. 8, 645 So.2d at 790. "The reasonableness of the defendant's conduct is determined by balancing the conflicting interests at stake; the plaintiff's interest in protecting his privacy from serious invasions, and the defendant's interest in pursuing his course of conduct." Daly v. Reed, (La.App. 4 Cir. 2/15/96); 669 So.2d 1293, 1294. "According to established principles of the law of privacy, no right to privacy attaches to material in the public view." Jaubert v. Crowley Post-Signal, Inc., 375 So.2d 1386, 1391 (La. 1979). The plaintiff was clearly in the public view when he was standing on the sidewalk across the street from the school. The truancy center is also a public place so the same principle applies.
WGNO contends that La. C.C.P. art. 971 mandates that attorney fees and costs be awarded to a prevailing defendant on a special motion to strike. The language of the statute says that the prevailing defendant "shall be entitled to recover reasonable attorney's fees and costs." The trial court judgment does not address the issue of attorney fees or costs. "Regardless of the language of the statutory authorization for an award of attorney fees or the method employed by a trial court in making an award of attorney fees, courts may inquire as to the reasonableness of attorney fees as part of their prevailing, inherent authority to regulate the practice of law." State, DOTD v. Williamson, 597 So.2d 439, 441-42 (La.1992). In the instant case the plaintiff is in forma pauperis, thus it is likely that he is not capable of paying any attorney fees to the defendant. Although we agree with the trial judge's decision to grant the motion to strike there is not sufficient evidence to indicate that the action was an abuse of the judicial process. Therefore, the trial *103 court's judgment will not be amended to allow the defendant to recover attorney fees and costs.

CONCLUSION
The trial court did not err in granting the Special Motion to Strike and Peremptory Exception of No Cause of Action. The facts of this case do not indicate that a cause of action for "false light" invasion of privacy existed. The trial court was also correct in not awarding attorney fees and costs to the defendant as there is insufficient evidence that plaintiff's claim was attempting to abuse the judicial system.
Accordingly, the trial court judgment is hereby affirmed.
AFFIRMED.
NOTES
[1] At oral argument plaintiff's counsel mentioned the cause of action of defamation but this will not be addressed as it was not raised in the plaintiff's appellate brief.