# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 03-1144

CATHY DARDEN

VERSUS

## R. CRAIG SMITH AND THE FERRIDAY VILLA PARTNERSHIP

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CONCORDIA, NO. 38311
HONORABLE LEO BOOTHE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## MARC T. AMY
### JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Billie Colombaro Woodard, Marc T. Amy, Michael G. Sullivan, and Elizabeth A. Pickett, Judges.

**WRIT GRANTED AND MADE PEREMPTORY.**

Cooks, J., concurs in part in the result, and dissents, in part.

Daniel G. Brenner
Bolen, Parker & Brenner, Ltd.
Post Office Box 11590
Alexandria, LA   71315-1590
(318) 445-8236
COUNSEL FOR PLAINTIFF/RESPONDENT:
    Cathy Darden

Thomas M. Hayes, III
Hayes, Harkey, Smith & Cascio
Post Office Box 8032
Monroe, LA   71211-8032
(318) 387-2422
COUNSEL FOR DEFENDANT /APPLICANT:
    R. Craig Smith

**David L. Guerry**
**Long Law Firm, L.L.P.**
**4041 Essen Lane, Suite 500**
**Baton Rouge, LA   70809**
**(225) 922-5110**
**COUNSEL FOR DEFENDANT/APPLICANT:**
       **The Ferriday Villa Partnership**

AMY, Judge.

The plaintiff, a member of the Concordia Parish Police Jury, filed a suit for defamation, intentional infliction of severe emotional distress, malicious prosecution, and abuse of process. The defendants filed a motion to strike under La.Code Civ.P. art. 971 and a motion for summary judgment, alleging that the statements at issue were matters of public concern as they related to matters before the Police Jury. The trial court denied the motions. For the following reasons, we grant the motion to strike pursuant to the dictates of La.Code Civ.P. art. 971 and award attorney's fees as is required by the article.

**Factual and Procedural Background**

The instant matter relates to the proposed construction of a low-income housing development in Ferriday, Louisiana. After approval of the project was rejected by the Concordia Parish Police Jury, the project proponent, Ferriday Villa Partnership, and its general partner, R. Craig Smith, filed suit in federal court alleging that the denial of the permit was [B]ased solely on discriminatory policies toward entities that provide federally-assisted-low-income housing. The Police Jury and its individual Police Jurors' actions in denying Ferriday Villa the opportunity to provide low-income housing in Concordia Parish is part of a policy and custom by them to prevent federally-assisted-low-income persons from finding housing within Concordia Parish. This policy and custom has no articulable or protected basis or foundation.

The complaint pointed out that the Police Jury did not require an allegedly "similarly situated" developer, Macon Ridge Community Development Corporation, to deposit monies into an escrow account prior to approval of a permit as it did Ferriday Villa. This allegation was the basis for the equal protection claims brought in the suit. Furthermore, the federal complaint alleged that "[t]he action of the Police

Jury and its individual Police Jurors, in denying the building permit for Ferriday Villa, was racially motivated and has a racially discriminatory impact upon Concordia Parish and its citizens." The Police Jury and its members were named as defendants. The federal lawsuit was ultimately dismissed through summary judgment in favor of the Police Jury and its members. The federal trial court's memorandum ruling reveals a finding that the Police Jury's actions were not "arbitrary, capricious, or motivated by ill will." Furthermore, the ruling indicates that "the Police Jury's actions related to the legitimate purpose of ensuring that funds would be available for improving and maintaining the physical and fiscal integrity of the water and sewer system of the Town of Ferriday."

Also, in March 2001, R. Craig Smith filed a complaint with the Louisiana Board of Ethics, alleging that Police Juror Cathy Darden considered the building project while employed by Macon Ridge, a competitor of Ferriday Villa. Although Ms. Darden had not voted on an allegedly similar project approved for Macon Ridge, Mr. Smith alleged that certain provisions of the Code of Governmental Ethics had been violated. The matter was closed, after the Board of Ethics found no violations.[1]

Cathy Darden filed the instant matter in June 2002, seeking damages related to

---

[1]A letter from the Board of Ethics, dated September 28, 2001, and entered into the record as an exhibit, indicates:

> Based on the information obtained, the Board concluded, and instructed me to inform you, that no apparent violation of the Code of Governmental Ethics occurred, since Ms. Darden did not participate in the vote to issue Macon Ridge Community Development Corporation a building permit. Also, it did not appear that either Macon Ridge Economic Development Region, Inc. and/or Macon Ridge Community Development Corporation had a substantial economic interest in the conditional denial of a building permit to Ferriday Villa. The Code defines "substantial economic interest" as "an economic interest which is of greater benefit to the public servant or other person than to a general class or group of persons, except . . . [t]he interest that a person has as a member of the general public." LSA-R.S. 42:1102(21). As it does not appear that Ms. Darden participated in a vote in which her employer had a substantial economic interest, the Board instructed the staff to close the file.

defamation, intentional infliction of severe emotional distress, and malicious prosecution and abuse of process. Mr. Smith and Ferriday Villa were named as the defendants. Subsequently, the defendants filed a "Motion to Strike and Motion for Summary Judgment, or Alternatively, for Partial Summary Judgment." Primarily, the defendants sought dismissal of the plaintiff's claim through operation of La.Code Civ.P. art. 971, which provides a mechanism for dismissal of a claim when it stems from an act in furtherance of the defendant's "right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue." The motions were denied by the trial court. The record provides no reasons for ruling.

The defendants filed a writ application with this court, seeking review of the trial court's denial. A panel of this court ordered that the matter be considered after full briefing and oral argument. The defendants present the following assignments of error for review:

1. The Trial Court erred by failing to determine whether the plaintiff established a probability of success as required by La.C.C.P. Art. 971(A)(1).

2. The Trial Court erred in denying the Special Motion to Strike Darden's defamation claim based upon the federal suit.

3. The Trial Court erred in denying the Special Motion to Strike Darden's defamation claim based upon the Ethics Complaint.

4. The Trial Court erred in denying the Special Motion to Strike Darden's emotional distress claim.

5. The Trial Court erred in denying the Special Motion to Strike Darden's malicious prosecution claim.

6. The Trial Court erred in denying defendants' Motion for Summary Judgment on all of Darden's claims.

7. The Trial Court erred in not awarding attorney fees to Applicants under La.C.C.P. Art. 971(B).

**Discussion**

3

*Motion to Strike*

At issue is whether La.Code Civ.P. art. 971 extends to all of the claims in the plaintiff's petition or whether it is limited to the defamation claim. If extended to all of the claims, the defendants contend, the plaintiff failed to sustain the burden of proof required of her in order to have her petition for damages survive under Article 971.

Enacted by the legislature to promote participation in matters of public concern,[2] La.Code Civ.P. art. 971 provides:

> A.    (1) A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established a probability of success on the claim.
>
> (2) In making its determination, the court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based.
>
> (3) If the court determines that the plaintiff has established a probability of success on the claim, neither that determination nor the fact of that determination shall be admissible in evidence at any later stage of the proceeding, and no burden of proof or degree of proof otherwise applicable shall be affected by that determination.
>
> B.    In any action subject to Paragraph A of this Article, a prevailing defendant on a special motion to strike shall be entitled to recover reasonable attorney's fees and costs. If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award reasonable attorney's fees and costs to a plaintiff prevailing on the motion.

---

[2]    Noted in the legislation enacting Article 971, Acts 1999, No. 734, Section Two provides:

> The legislature finds and declares that there has been a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for redress of grievances. The legislature finds and declares that it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process. To this end, it is the intention of the legislature that the Article enacted pursuant to this Act shall be construed broadly.

C. The special motion may be filed within sixty days of service of the petition, or in the court's discretion, at any later time upon terms the court deems proper. The motion shall be noticed for hearing not more than thirty days after service unless the docket conditions of the court require a later hearing.

D. All discovery proceedings in the action shall be stayed upon the filing of a notice of motion made pursuant to this Article. The stay of discovery shall remain in effect until notice of entry of the order ruling on the motion. Notwithstanding the provisions of this Paragraph, the court, on noticed motion and for good cause shown, may order that specified discovery be conducted.

E. This Article shall not apply to any enforcement action brought on behalf of the state of Louisiana by the attorney general, district attorney, or city attorney acting as a public prosecutor.

F. As used in this Article, the following terms shall have the meanings ascribed to them below, unless the context clearly indicates otherwise:

(1) "Act in furtherance of a person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue" includes but is not limited to:

(a) Any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law.

(b) Any written or oral statement or writing made in connection with any issue under consideration or review by a legislative, executive, or judicial body, or any other official body authorized by law.

(c) Any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest.

(d) Any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

(2) "Petition" includes either a petition or a reconventional demand.

(3) "Plaintiff" includes either a plaintiff or petitioner in a principal action or a plaintiff or petitioner in reconvention.

(4) "Defendant" includes either a defendant or respondent in a principal action or a defendant or respondent in reconvention.

<u>Scope of Article 971</u>

We first address the plaintiff's contention that Article 971 relates only to the defamation claim contained in the petition. In support of her assertion that the intentional infliction of emotional distress and malicious prosecution claims are not subject to the motion to strike, she points to an "Editor's Note" indicating that the Article is limited to defamation actions.[3]

We find no merit in the plaintiff's contention that Article 971 is limited to a cause of action in defamation. While the reported cases on Article 971 are focused on defamation claims, the language of Article 971(A)(1) itself is broad, stating that it applies to "[a] cause of action against a person *arising* from any act of that person in furtherance of the person's right of petition or free speech . . ." (Emphasis added). Even if we were to find this language ambiguous, which we do not in this context, reference to the declaration of legislative intent indicates a desire for the Article to be "construed broadly." Acts 1999, No. 734. As we determine that all of the causes of action alleged by the plaintiff's petition are subject to the motion to strike if the merits of that motion are established, we turn to consider the parties' respective burdens of proof.

<u>Burden of Proof under Article 971</u>

In order to succeed under Article 971, the movant must make a prima facie showing that the matter arises from an act in furtherance of his or her right of free speech or the right of petition and in relation to a public issue. In order to defeat the

---

[3]The "Editor's Note" provides:

> This article appears to establish a specialized defense motion akin to a motion for summary judgment, but limited to defamation actions and allowing a more liberal time for bringing the motion than the motion for summary judgment allows. It appears that witnesses can be heard. See Lee v. Pennington, 830 So.2d 1037, (App. 4 Cir. 2002).

motion to strike, the plaintiff is then required to demonstrate a probability of success on his or her own claim. *Thomas v. City of Monroe Louisiana,* 36,526 (La.App. 2 Cir. 12/18/02), 833 So.2d 1282. *See also Baxter v. Scott*, 37,092 (La.App. 2 Cir. 5/16/03), 847 So.2d 225, *vacated on other grounds*, 03-2013 (La. 11/14/03), 860 So.2d 535.

We first consider the defendants' initial burden in this case, *i.e.* demonstrating that the subject matter of the suit stems from an action relating to free speech and in relation to a public issue. The defendants supported their motion to strike by submitting various exhibits. Notwithstanding these exhibits, reference to the plaintiff's petition alone demonstrates that the causes of action arise from acts in furtherance of the defendants' right of free speech and in connection with a public issue. This is true as the statements at issue in the plaintiff's suit relate to actions of the Police Jury and its individual Police Jurors; in particular, motives allegedly underlying the Police Jury's decision making process.[4] Whether truthful or not, the

---

[4]The plaintiff's petition references the following statements of the defendants:

10.
In the Ferriday Villa suit, R. Craig Smith and the Ferriday Villa Partnership stated that the decision by petitioner to delay awarding the building permit to defendants was "racially motivated" (paragraph 21), "based solely on discriminatory policies towards individuals" (paragraph 25), that the actions were "arbitrary and capricious" (paragraph 26) and was "racially motivated" (paragraph 27). (Ferriday Villa Partnership lawsuit attached hereto).

11.
On or about March 12, 2001, R. Craig Smith filed an ethics complaint against Cathy Darden with the Louisiana Board of Ethics, requesting an investigation which Smith asserted, " . . . will reveal that multiple violations of the Code of Governmental Ethics have occurred." (Complaint of R. Craig Smith March 8, 2001 to the Louisiana Board of Ethics)(attached hereto as Exhibit 3)

12.
In the ethics complaint, defendant Smith asserted that " . . . Ms. Darden violated Section 1112, 1113, 1114, and 1120 of the Code of Governmental Ethics." (Ethics complaint of defendant March 8, 2001, page 2).

13.
In the ethics complaint, defendant Smith asserted that "Ms. Darden influenced a vote of the Police Jury that resulted in a building permit being granted to her employer, even though she was not present at the time the Police Jury voted

statements clearly relate to a "public issue" as defined by the examples of such an act

provided under La.Code Civ.P. art. 971(F)(1). Thus, as commenting on such an issue

is a matter in furtherance of the right of free speech guaranteed in the United States

and Louisiana Constitutions, the burden of proof shifts to the plaintiff to demonstrate

the probability of her success on each of the claims alleged by her petition.

Defamation

The Louisiana Supreme Court has explained that in order for a plaintiff to

prevail on a defamation claim, he or she must prove: "(1) a false or defamatory

statement concerning another; (2) an unprivileged publication to a third party; (3) fault

(negligence or greater) on the part of the publisher; and (4) resulting injury."

*Trentecosta v. Beck*, 96-2388, p. 10 (La. 10/21/97), 703 So.2d 552, 559. Furthermore

insofar as a plaintiff is a public official, the supreme court has observed that:

> A public official plaintiff cannot recover for a defamatory statement
> relating to his or her official conduct, even if false, unless the public
> official proves actual malice by clear and convincing evidence. *Kidder
> v. Anderson*, 354 So.2d 1306, 1308 (La.1978). At the very least, the
> public official plaintiff must prove that the defendant published the false
> statement with a high degree of awareness of its probable falsity.
> *Garrison v. Louisiana*, 379 U.S. 64, 74, 85 S.Ct. 209, 215, 13 L.Ed.2d
> 125 (1964); *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 111
> S.Ct. 2419, 115 L.Ed.2d 447 (1991); *Harte-Hanks Communications, Inc.
> v. Connaughton*, 491 U.S. 657, 667, 109 S.Ct. 2678, 2686, 105 L.Ed.2d
> 562 (1989). Or the public official plaintiff must prove that "the
> defendant in fact entertained serious doubts as to the truth of the

---

on the project." (Ethics complaint of defendant March 8, 2001, page 2)

14.
In the ethics complaint, defendant Smith stated that ". . . these actions on Ms.
Darden's part constitute violations of the aforementioned sections of the Code of
Governmental Ethics." (Ethics Complaint of defendant March 8, 2001, page 2)

15.
An investigation of the ethics complaint ensued, resulting in a finding in
favor of Ms. Darden ". . . that no apparent violation of the Code of Governmental
Ethics occurred, since Ms. Darden did not participate in the vote to issue Macon
Ridge Community Development Corporation a building permit." (Opinion of the
Louisiana Board of Ethics dated September 28, 2001)(attached hereto as Exhibit 4)

publication." *St. Amant v. Thompson*, 390 U.S. 727, 731, 88 S.Ct. 1323, 1325, 20 L.Ed.2d 262 (1968).

Even if a public official plaintiff demonstrates that a defendant was grossly negligent in publishing false statements, that showing is insufficient to prove that the defendant acted with reckless disregard for the truth. *Masson v. New Yorker Magazine, Inc.*, 501 U.S. at 510, 111 S.Ct. at 2429. Instead, a public official plaintiff must clearly prove that the defendant actually knew the published statements were false or that the defendant was highly aware that the statements were probably false.

*Davis v. Borskey*, 94-2399, p. 10-11 (La. 9/5/95), 660 So.2d 17, 23.

We find no merit in the plaintiff's assertion that because the statements at issue were false, an element we do not consider here, and related to a matter that would affect public confidence in her or injure her in her occupation, the statements were defamatory *per se*. Due to this, she contends, she was not required to demonstrate malice, either actual or otherwise. In support of this argument she references an excerpt from the fourth circuit's opinion in *Sassone v. Elder*, 601 So.2d 792 (La.App. 4 Cir. 1992), *reversed*, 626 So.2d 345 (La.1993), wherein it discussed the definition of defamatory words and those that are defamatory *per se*. However, this concept is inapplicable to the case at bar as its discussion of malice is not in the context of a public official. The supreme court's direction in this regard is clearly articulated in *Davis*, 660 So.2d 17. Thus, in order for her defamation claim to survive the motion to strike, the plaintiff was required to demonstrate a probability that she would be able to establish actual malice by clear and convincing evidence.

The evidence presented by the plaintiff does not indicate that she would be able to do so. Notably, there is an absence of evidence indicating that the defendants' statements were made with a reckless disregard for the truth. Recall that, according to *Davis,* "a public official plaintiff must clearly prove that the defendant actually knew the published statements were false or that the defendant was highly aware that

9

the statements were probably false." *Davis*, 660 So.2d at 23. Ms. Darden only contests the accuracy of the statements made and does not offer proof indicating that she would be able to satisfy this considerable burden. Accordingly, the motion to strike was erroneously denied in this regard.

Intentional Infliction of Emotional Distess

Turning to the cause of action for intentional infliction of emotional distress, the plaintiff would be required to demonstrate:

> (1) [T]hat the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct.

*LaBove v. Raftery*, 00-1394, p. 16-17 (La. 11/28/01), 802 So.2d 566, 577, *quoting White v. Monsanto*, 585 So.2d 1205 (La.1991).

Our review of the parties' respective exhibits in support of and in opposition to the motion to strike indicates that the plaintiff has failed to demonstrate a probability of success as to this claim. In her affidavit, Ms. Darden explained that:

> Appearer attests that the filing of the lawsuit, the filing of the ethics complaint, and the comments contained in those documents, caused appearer extreme concern and emotional upset. Appearer attested that she was concerned as to her financial responsibility in connection with the lawsuit, and for her position as Police Juror in response to the ethics complaint. She was further concerned and upset regarding the reporting of the events in the local paper, which disseminated the information contained in the lawsuit to the Concordia Parish Community. Darden attests that she was extremely distraught over the impact these actions may have had and still have on her reputation and credibility within the community. Appearer further attests that she is concerned over potential impact of these statements on her political career. Darden further attested that she was required to expend her personal funds in defense of the ethics complaint.

Even if the court were to accept that the defendants' conduct was "extreme and outrageous" or that the plaintiff's emotional distress was severe, issues we need not

10

reach, there is no evidence that the defendants *desired* to inflict such emotional distress or knew that it was likely to follow. Again, the plaintiff did not sustain her burden of proof as to this cause of action.

Malicious Prosecution

Finally, on her claim for malicious prosecution, the plaintiff would be required to prove:

> (1) [T]he commencement or continuance of an original criminal or civil law judicial proceeding; (2) its legal causation by the present defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to plaintiff.

*Jones v. Soileau*, 448 So.2d 1268, 1271 (La.1984).

Again, Ms. Darden's evidence fails to demonstrate the presence of "malice" in the filing of the ethics complaint or the federal lawsuit. While the other matters were, in fact, resolved in the plaintiff's favor, the above standard requires the presence of

11

malice.[5] Her evidence is simply inadequate in this regard. Accordingly, this cause of action is also subject to the motion to strike.

As we have concluded that the plaintiff's causes of action are subject to the motion to strike and that she failed to rebut the burden of proof sustained by the

---

[5]Bearing on the question of malicious prosecution, and touching on the other claims is the affidavit of R. Craig Smith, in which he states, in part:

6. Prior to the presentation of the application to the Police Jury for a building permit, I spoke to Cathy Darden, who told me that her constituents were concerned about the type of housing. I am informed that the members of Darden's constituency who opposed the issuance of the building permit were Caucasian.

7. The inferences that I drew from these facts led me to the conclusion that the Caucasian residents north of the town of Ferriday did not want low income, primarily black residents, residing in the area, and that they were pressuring the Police Jury to deny the permit.

8. The Police Jury denied the FVP building permit in August, 1998. Thereafter, the Police Jury delayed approval of the FVP application, and refused to grant it even after Town of Ferriday had passed a resolution on July 7, 2000 to provide water and sewer for the project, and after Fire Marshall approval had been obtained. Later, on August 28, 2000, the Police Jury made a requirement that FVP escrow $20,000 for improvement of a Town of Ferriday lift station as a condition for issuance of the building permit. Ultimately, the Police Jury made no requirement with respect to the condition of the roadway, one of the reasons given by the Police Jury as a basis for denying the application initially.

9. In 2000, while FVP was seeking a building permit, another developer, Macon Ridge Economic Development Region, Inc. (hereafter "Macon Ridge"), sought and was granted a permit to construct housing for the elderly on Lincoln Road, across the street from the proposed FVP project. Macon Ridge was not required by the Police Jury to escrow $20,000 for payment to the Town of Ferriday for improvement of the lift station. At that time, Cathy Darden was an employee or a business affiliate of Macon Ridge, and the Macon Ridge project was financed through the U.S. Department of Agriculture's Rural Development and was to serve the elderly and handicapped.

10. At the time that FVP filed its suit in federal court, I believed that the Police Jury's opposition to the FVP project was a pre-text, that the real reasons for the Police Jury's opposition to and denial of the permit was that it bowed to pressure from Caucasian citizens of the area around Lincoln Road who opposed the project because of the race of a majority of the occupants of the proposed apartments, and that the Police Jury's denial of the FVP building permit had a racially discriminatory impact upon the Parish and its citizens.

11. Despite compliance with the requirements imposed by the Police Jury and the Town of Ferriday, FVP was denied a building permit. FVP filed suit against the Police Jurors and its members on November 7, 2000. After a status conference with the federal judge, the Police Jury finally granted the permit in September, 2001, over three years after the initial application.

12

defendants in this case, we find that the trial court was in error in failing to grant the motion to strike.

*Attorney's Fees*

As can be seen above, La.Code Civ.P. art. 971(B) indicates that "a prevailing defendant on a special motion to strike *shall* be entitled to recover reasonable attorney's fees and costs." (Emphasis added). Additionally, the defendants have requested the assessment of attorney's fees in this case. In light of the mandatory language of the article, we award attorney's fees and costs.[6] Our review of this matter indicates that an award in the amount of $5,000 is appropriate.

## DECREE

For the foregoing reasons, the defendants' writ application is granted. We grant the motion to strike, dismissing the plaintiff's petition with prejudice. Attorney's fees in the amount of $5,000 and all costs of this matter are assessed to the plaintiff, Cathy Darden.

**WRIT GRANTED AND MADE PEREMPTORY.**

---

[6]The plaintiff points to a fourth circuit case in which attorney's fees were not assessed, *see Stern v. Doe*, 01-914 (La.App. 4 Cir. 12/27/01), 806 So.2d 98. In *Stern*, the plaintiff appeared before the court *in forma pauperis*, influencing the court's conclusion that he would likely be unable to pay attorney's fees. In that case, notably, the fourth circuit referenced *State, DOTD v. Williamson*, 597 So.2d 439 (La.1992), for the proposition that the courts may consider the reasonableness of attorney's fees even in the face of statutory language authorizing their assessment. In *Williamson*, however, the statute at issue, La.R.S. 48:453(E), provided that attorney's fees "*may*" be awarded. La.Code Civ.P. art. 971(B) provides that a prevailing party "*shall* be entitled to reasonable attorney's fees and costs." (Emphasis added). In light of the clear language of Article 971, we conclude that *Stern* is not persuasive here.

COURT OF APPEAL, THIRD CIRCUIT

03-1144

CATHY DARDEN

VERSUS

R. CRAIG SMITH & THE FERRIDAY VILLA PARTNERSHIP

**COOKS, J. concurs in part in the result, and dissents in part**.

I concur with the result reached by the majority opinion, however, I differ with the opinion in two respects. I would not have awarded attorney's fees to Mr. Smith and FVP under La.Code Civ.P. art. 971 or, alternatively, I would have decided the case by way of the motion for summary judgment. The inquiry by the court under La.Code Civ.P.art. 971 is whether the "plaintiff has established a probability of success on the claim" while the test for summary judgment is whether there are any genuine issues of material fact. Both procedural vehicles require an examination of the underlying elements of proof required to support the cause of action. On its face, it may appear only a question of semantics. However, such is not the case, according to the result reached by the majority opinion. La.Code Civ.P. art. 971(B) provides, in relevant part:

> In any action subject to Paragraph A of this Article, a prevailing defendant on a special motion to strike shall be entitled to recover reasonable attorney's fees and costs.

By mandating the award of attorney's fees to a prevailing defendant, in every case, as the majority has done, we risk penalizing individuals for asserting their constitutional right to petition the court for redress of an alleged grievance. Although Ms. Darden did not present enough evidence to sustain her cause of action, she had every right to defend her character and reputation against a perceived attack. She had a reasonable belief in the rightness of her cause evidenced by the fact that both the

1

federal petition and the ethics complaint were resolved in her favor. I would find the award of attorney's fees a discretionary matter based on the individual facts of the case and, in this case, I would have declined an award. This is the view of the Fourth Circuit in *Stern v. Doe*, 2001-0914 (La.App. 4 Cir. 12/27/01), 806 So.2d 98. In *Stern,* a high school student was mistakenly featured on a television program as a truant. He sued the station on a claim of false light, invasion of privacy. The television station filed a motion to strike and asked for attorney's fees. The court found the legislative "intent of this statute is to encourage continued participation in matters of public significance and to prevent this participation from being chilled through an abuse of judicial process." *Id.* at 101. The court used this standard in affirming the trial court's denial of attorney's fees, finding "there is insufficient evidence that plaintiff's claim was attempting to abuse the judicial system." *Id.* at 103. To mandate attorney's fees as a penalty in every case would chill a plaintiff's right to petition the court. If, in the alternative, La.Code Civ.P. art. 971 does mandate an award of attorney's fees in every case to a prevailing defendant, I would have used the motion for summary judgment to decide this case.