950 So.2d 858 (2006)
Nicolas ESTIVERNE
v.
The TIMES-PICAYUNE, L.L.C., Keith O'Brien, Susan Finch and Their Insurers (Unknown at this Time), Charles Plattsmier, in his Individually Capacity.
No. 2006-CA-0571.
Court of Appeal of Louisiana, Fourth Circuit.
December 20, 2006.
*859 Nicolas Estiverne Houston, TX, In Proper Person, Plaintiff/Appellant.
James R. Swanson, Loretta G. Mince, Lance C. McCardle, Correro Fishman Haygood Phelps Walmsley & Casteix, New Orleans, LA, for Defendant/Appellee.
(Court composed of Judge MAX N. TOBIAS JR., Judge EDWIN A. LOMBARD, Judge ROLAND L. BELSOME).
ROLAND L. BELSOME, Judge.
This appeal is taken from the trial court's granting of a special motion to strike dismissing Nicolas Estiverne's ("Mr. Estiverne") claims against the Times-Picayune, L.L.C. and Susan Finch (collectively "The Times-Picayune") and awarding The Times-Picayune attorney's fees of $4,000.00 pursuant to Article 971 of the Louisiana Code of Civil Procedure.[1]
FACTS
In 2000, the Office of Disciplinary Counsel ("ODC") brought formal charges against Mr. Estiverne alleging that he fraudulently obtained a power of attorney from an elderly woman, Angelina Neil, suffering from Alzheimer's and used it to empty her bank account. In 2003, Mr. Estiverne was criminally charged with exploitation of the infirm in connection with that matter.
On May 31, 2005, The Times-Picayune published a story about Mr. Estiverne's case. The article reported facts contained in the ODC's Formal Charge[2] as well as information from the court record of the criminal proceeding. The article written by Susan Finch was titled "Ex-Lawyer accused of bilking ill senior; Secret assets drained in '90s, relative says". On June 2, 2005, a second article was published reporting on the postponement of Mr. Estiverne's criminal trial until July 28, 2005. Shortly thereafter, on July 25, 2005, Mr. Estiverne reached a plea bargain with the district attorney's office. Under the plea agreement, Mr. Estiverne pled guilty to the crime of theft under $100, La. R.S. 14:67(C). Mr. Estiverne was sentenced to 6 months incarceration at Orleans Parish prison, suspended, and 2 years inactive probation, was ordered to pay restitution in an amount of $98,774.00, and not own or possess a firearm while on probation.
On August 2, 2005, Mr. Estiverne filed a lawsuit, alleging that The Times-Picayune conspired with Chief Disciplinary Counsel Charles Plattsmier to defame him. Subsequently, The Times-Picayune published a third article regarding Mr. Estiverne's guilty plea and sentence, "Ex-Lawyer pleads guilty to bilking senior". Mr. Estiverne supplemented and amended his petition *860 asserting that the third article was defamatory. The Times-Picayune responded to the petition and its supplementation with special motions to strike pursuant to article 971. The trial court granted the motion, dismissing Mr. Estiverne's claims against The Times-Picayune.
On appeal Mr. Estiverne claims that the trial court's ruling is contrary to the law and evidence. More specifically, Mr. Estiverne's argument focuses on an affidavit submitted by The Times-Picayune. Although Mr. Estiverne's assignment of error contains a broad statement, the only legal error addressed by Mr. Estiverne was that the affidavit of The Times-Picayune's head librarian, Nancy I. Burris, was not authorized by anyone in the corporation and thus, legally defective. The purpose of Ms. Burris' affidavit was to essentially certify The Times-Picayune articles that are the subject of this lawsuit. As the head librarian she attested to the fact that she is entrusted with the care, custody and control of The Times-Picayune's publication record. We find Mr. Estiverne's argument to be without merit.
Louisiana Code of Civil Procedure article 971 requires that a defamation suit be stricken unless the plaintiff is able to establish a probability of success on his claim. In order for Mr. Estiverne to succeed in his defamation claim he must prove that The Times-Picayune, with actual malice or other fault, published a false statement with defamatory words, which caused Mr. Estiverne damages. See Sassone v. Elder, 626 So.2d 345, 350 (La.1993); Cangelosi v. Schwegmann Bros. Giant Super Markets, 390 So.2d 196, 198 (La.1980); Ritchey v. Azar, 383 So.2d 360 (La.1980). The trial court was presented with all the documents evidencing the sources of the information reported on by The Times-Picayune. The evidence showed that all the information in the articles was extracted from public records. Mr. Estiverne provided no evidence to contradict the evidence presented by The Times-Picayune, nor was he able to present any evidence that would form a prima facie case for the allegations asserted in his petition other than his own deposition testimony. As the Louisiana Supreme Court stated, "a defamation plaintiff must produce evidence of sufficient quality and quantity to demonstrate that he will be able to meet his burden of proof at trial." Sassone, 626 So.2d at 351. Mr. Estiverne did not provide the quality or quantity of evidence to establish a prima facie case on his behalf.
Mr. Estiverne also suggests that because he filed his lawsuit in forma pauperis, the court should not have awarded attorney's fees to The Times-Picayune. Clearly the statute calls for the prevailing party to be awarded attorney's fees and costs. See La. C.C.P. art. 971(B). We recognize that in Stern v. Doe, XXXX-XXXX (La.App. 4 Cir. 12/27/01), 806 So.2d 98, this Court found a failure to assess attorney's fees against a plaintiff in forma pauperis, under article 971, did not constitute an abuse of the judicial process. However, there is no jurisprudence to suggest that the awarding of attorney's fees against a plaintiff proceeding in forma pauperis, when warranted by statute, is contrary to the law. Upon review of the trial court's judgment for legal defects, we find none.
Accordingly, the trial court's judgment is affirmed.
AFFIRMED.
NOTES
[1] Louisiana Code of Civil Procedure Article 971 reads in pertinent part:

A. (1) A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established a probability of success on the claim.
(2) In making its determination, the court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based.
(3) If the court determines that the plaintiff has established a probability of success on the claim, that determination shall be admissible in evidence at any later stage of the proceeding.
B. In any action subject to Paragraph A of this Article, a prevailing party on a special motion to strike shall be awarded reasonable attorney fees and costs.
[2] The ODC Formal Charge is a public record pursuant to Louisiana Supreme Court Rule XIX, section 16.