RICHARD PERNICIARO AND     *     NO. 2019-CA-0671
ROBERT CLEVELAND,
INDIVIDUALLY AND ON     *
BEHALF OF PARATECH,       COURT OF APPEAL
L.L.C.     *
      FOURTH CIRCUIT
VERSUS     *
      STATE OF LOUISIANA
GUY MCINNIS, RAY LAUGA,    * * * * * * *
JR., CASEY W. HUNNICUTT,
RICHARD LEWIS, ST.
BERNARD PARISH
GOVERNMENT, THE TIMES
PICAYUNE, L.L.C.,
BENJAMIN ALEXANDER-
BLOCH AND RSUI
INDEMNITY COMPANY

APPEAL FROM
ST. BERNARD 34TH JUDICIAL DISTRICT COURT
NO. 16-0969
Honorable Ashly Bruce Simpson, Judge Ad Hoc
* * * * * *
**Judge Dale N. Atkins**
* * * * * *

(Court composed of Chief Judge James F. McKay, III, Judge Tiffany G. Chase, Judge Dale N. Atkins)

William Joseph Larzelere, III
ATTORNEY AT LAW
249 Kingsland Drive
Covington, LA 70435

Stephen L. Miles
Catherine F. Giarrusso
PIPES, MILES, BECKMAN, LLC
1100 Poydras Street, Suite 1800
New Orleans, LA 70163

     COUNSEL FOR PLAINTIFF/APPELLANT

Loretta Gallaher Mince
Alysson L. Mills
Michael Dodson
FISHMAN HAYGOOD PHELPS WALMSLEY WILLIS & SWANSON, L.L.P.
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170-4600

COUNSEL FOR DEFENDANT/APPELLEE

**AFFIRMED AND REMANDED**
**APRIL 1, 2020**

*DNA*
*JFM*
*TGC*

This is a defamation suit. Appellants, Richard Perniciaro, Robert Cleveland, and ParaTech, L.L.C. ("ParaTech") filed a petition for damages for defamation against a number of defendants, including Appellees, Advance Local Media, L.L.C. ("Advance") and Advance Digital, Inc. ("Advance Digital"), which now own The Times-Picayune, and The Times-Picayune reporter Benjamin Alexander-Bloch, (collectively, "The Times-Picayune"). In response, The Times-Picayune filed a special motion to strike the petition, pursuant to La. C.C.P. art. 971. The trial court granted the special motion to strike. From that judgment, Appellants appeal. Answering the appeal, The Times-Picayune argues the trial court erred in its award of attorney's fees and costs, and requests an award of additional attorney's fees and costs incurred for work performed on appeal. For the reasons that follow, we affirm the trial court's judgment and remand for a determination of additional attorney's fees to which The Times-Picayune is entitled for work performed on this appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

Mr. Perniciaro and Mr. Cleveland own ParaTech, an information technology ("IT") business. Prior to 2015, ParaTech contracted with the St. Bernard Parish

1

Government (the "SBPG") to perform IT services for a number of years. In early 2015, then-SBPG President David Peralta was being investigated for a number of offenses allegedly committed while Mr. Peralta was in office, including extortion, obstruction of justice, and malfeasance in office. The Times-Picayune and other media outlets published a number of articles about Mr. Peralta's alleged wrongdoing throughout 2015. The articles included reports about Mr. Perniciaro's and ParaTech's alleged involvement in Mr. Peralta's actions.

After the reports were published, on August 5, 2016, Appellants filed a petition for damages for defamation against a number of defendants, including The Times-Picayune.[1] In their petition, Appellants alleged that Mr. Alexander-Bloch, a reporter for The Times-Picayune, authored a number of articles in 2015 which defamed Mr. Perniciaro and ParaTech. Appellants claimed the defamatory articles damaged Mr. Perniciaro's and ParaTech's respective reputations, which in turn damaged ParaTech's business as an IT company.

In their petition, Appellants first claimed that The Times-Picayune published an article on July 15, 2015 (the "July 15 Article") regarding a meeting of the SBPG Parish Council that occurred on July 14, 2015. The article reported that, at this meeting, "council members alleg[ed] contractor ParaTech had stolen government computers" and went on to state that Councilmember Guy McInnis, who was also named as a defendant in this action, stated at a meeting of the SBPG Executive Council that no one authorized ParaTech to take the government computers and that the computers had not been returned. The Times-Picayune later published an amendment to the July 15 Article, stating that Councilmember McInnis had

---

[1] The record reflects that the petition was originally filed in Jefferson Parish, but was subsequently transferred to St. Bernard Parish after the trial court in Jefferson Parish sustained an exception of improper venue.

"softened" his comments to say that ParaTech had taken the computers "without authorization." Appellants alleged this story was defamatory and false because only one councilmember—Councilmember McInnis—accused ParaTech of taking the computers without authorization, while The Times-Picayune reported that it was multiple councilmembers who made this allegation. Appellants also alleged the story was false because ParaTech was authorized to take the computers to run an audit on the computer system pursuant to its IT contract with the SBPG. They alleged that Mr. Alexander-Bloch knew the statement that the computers had been stolen was false because Mr. Alexander-Bloch had already published a story in which he discussed ParaTech conducting computer audits for the SBPG.

Appellants next claimed they were defamed in The Times-Picayune's August 7, 2015 editorial (the "August 7 Editorial"), also authored by Mr. Alexander-Bloch. The editorial discussed a recent grand jury indictment of Mr. Peralta, which charged Mr. Peralta with malfeasance in office for accepting "a monetary loan, services and/or other items of value from Richard Perniciaro, individually and/or through companies owned in whole or in part by Richard Perniciaro when Richard Perniciaro's business entity, ParaTech, LLC, was seeking to and doing business with [the SBPG]." Appellants contended the report, which stated that Mr. Perniciaro gave money to Mr. Peralta "when his company was trying to get a parish contract," was false because it implied a *quid pro quo* scheme that did not exist and that ParaTech already had a parish contract with the SBPG at the time covered by the indictment.

On January 26, 2018, Appellants amended and supplemented their petition for damages, adding allegations related to a series of articles authored by Mr. Alexander-Bloch and published by The Times-Picayune between March 3, 2015

through July 22, 2015 (the "March 3 through July 22 Articles"). Appellants ParaTech alleged that these articles falsely reported that multiple prosecutors said in multiple court hearings that Mr. Perniciaro was being investigated for helping or conspiring with Mr. Peralta in committing the crimes with which Mr. Peralta was ultimately charged. Appellants argue these reports were false because only one prosecutor indicated that Mr. Perniciaro was being investigated in one court hearing, and that, ultimately, Mr. Perniciaro was only investigated for public bid-rigging and was never charged with a crime.

In response to the petition, The Times-Picayune filed an exception of prescription, arguing the claims related to the March 3 through July 22 Articles were prescribed because they were not raised until January 26, 2018, well past the one-year prescriptive period for defamation claims. The Times-Picayune also filed a special motion to strike all of Appellants' claims pursuant to La. C.C.P. art. 971 on January 6, 2016, and filed amending motions to strike on July 27, 2017; November 3, 2017; and July 6, 2018 in response to Appellants' numerous supplemental and amending petitions for damages.

In its special motions to strike, The Times-Picayune argued that the allegations of the petition for damages were subject to La. C.C.P. art. 971 as exercises of free speech on matters of public concern and that, as such, the burden shifted to Appellants to prove they could prevail on the merits of their claims at trial. The Times-Picayune argued Appellants could not meet this burden because the statements were not false. The Times-Picayune also moved for an award of attorney's fees and costs under La. C.C.P. art. 971(D).

On July 25, 2018, the trial court held a hearing on The Times-Picayune's exception of prescription and special motion to strike. After taking the matter

4

under advisement, the trial court rendered judgment on September 18, 2018, denying The Times-Picayune's exception of prescription, but granting the special motion to strike, finding that Appellants failed to meet their burden of showing a likelihood of prevailing at trial on their claims. The trial court also denied The Times-Picayune's motion for attorney's fees after ruling The Times-Picayune failed to present any evidence on attorney's fees, but later amended its ruling on attorney's fees on May 2, 2019, after The Times-Picayune filed a motion for new trial on the issue of attorney's fees. The trial court granted the motion for attorney's fees and ordered Appellants to pay The Times-Picayune's attorney's fees and costs in the amount of $19,650.

This appeal by Mr. Perniciaro, Mr. Cleveland, and ParaTech followed.

## DISCUSSION

On appeal, Appellants raise four assignments of error. In their first three assignments of error, they argue that the trial court erred in granting The Times-Picayune's La. C.C.P. art. 971 special motion to strike their claims regarding the March 3 through July 22 Articles, the July 15 Article, and the August 7 Editorial. In their last assignment of error, Appellants argue that, because the special motion to strike should not have been granted, the trial court should not have awarded attorney's fees and costs to The Times-Picayune.

Countering, The Times-Picayune first argues that the claims related to the March 3 through July 22 Articles are prescribed. The Times-Picayune then argues that the trial court properly granted the special motion to strike all of Mr. Appellants' claims and properly awarded attorney's fees as a result. The Times-Picayune filed an answer to the appeal, arguing the trial court erred in reducing

5

their claim for attorney's fees. The Times-Picayune further asks for an additional award of attorney's fees incurred on appeal.

## I.      Exception of Prescription

La. C.C.P. art. 929(A) provides that exceptions pleaded "before or in the answer shall be tried and decided in advance of the trial of the case." Therefore, we first consider whether the trial court erred in denying The Times-Picayune's exception of prescription on Appellants' claims related to the March 3 through July 22 Articles. The Times-Picayune argues, as it did to the trial court, that, because the claims related to these articles were not raised until Appellants filed their second supplemental and amending petition for damages on January 26, 2018, the claims were asserted well after the one-year prescriptive period for defamation claims and, thus, are prescribed. The Times-Picayune contends that the first petition for damages did not mention these articles and thus, they were not put on notice of having to defend against these claims. Appellants counter that the trial court correctly noted that the first petition generally referred to The Times-Picayune's defamatory articles and specifically provided links in the petition to the March 3 through July 22 Articles and, therefore, correctly ruled that the allegations of the amended petition related back to the first petition such that the claims were not prescribed.

An exception of prescription is a peremptory exception which must be specifically pleaded. La. C.C.P. art. 927. The exception can be pleaded at any time during the course of a proceeding prior to submitting the case to the trial court for decision. La. C.C.P. art. 928(B). "Ordinarily, the party pleading the exception of prescription bears the burden of proving the claim has prescribed." *Hogg v. Chevron USA, Inc.*, 2009-2632, 2009-2635, p. 7 (La. 7/6/10), 45 So.3d 991, 998.

6

However, when the claim appears prescribed on the face of the pleading, the burden shifts to the plaintiff to establish that prescription was interrupted or suspended, and the claim is not prescribed. *Id. See also Kelley v. Gen. Ins. Co. of Am.*, 2014-0180, p. 6 (La. App. 1 Cir. 12/23/14), 168 So.3d 528, 534; *Bailey v. Khoury,* 2004-0620, p. 9 (La. 1/20/05), 891 So.2d 1268, 1275.

The trial court's findings of fact on an exception of prescription are reviewed under the manifest error-clearly wrong standard of review, and an appellate court cannot reverse the trial court's findings if the findings are reasonable in light of the record reviewed in its entirety, even if the appellate court would have weighed the evidence differently. *Lomont v. Bennett*, 2014-2483, p. 8 (La. 6/30/15), 172 So.3d 620, 627. "[T]he standard controlling the review of the exception of prescription requires the appellate court to strictly construe the statutes against prescription and in favor of the claim that is said to be extinguished." *Robinson v. Westin Hotel*, 2012-1454, p. 4 (La. App. 4 Cir. 3/20/13), 177 So.3d 715, 718. *See also Bosarge v. DePaul/Tulane Behavioral Health Ctr.*, 2009-1345, p. 2 (La. App. 4 Cir. 5/19/10), 39 So.3d 790, 792.

"Defamation claims sound in tort, and as such are subject to a prescriptive period of one year which commences to run from the day the injury is sustained." *Alexander v. Times-Picayune L.L.C.*, 2016-1134, p. 5 (La. App. 4 Cir. 5/31/17), 221 So.3d 198, 203, *writ denied sub nom. Alexander v. Times-Picayune L.L.C.*, 2017-1322 (La. 11/6/17), 229 So.3d 469; *see also* La. C.C. art. 3492; *Farber v. Bobear*, 2010-0985, p. 11 (La. App. 4 Cir. 1/19/11), 56 So.3d 1061, 1069. Therefore, petitioners must bring their claim for defamation within one year from when they sustain the injury, which generally occurs on the date the alleged

defamatory remarks are published. *Clark v. Wilcox*, 2004-2254, p. 8 (La. App. 1 Cir. 12/22/05), 928 So.2d 104, 112.

When the petitioner brings an amended petition for damages after the prescriptive period has run, however, the Court must consider whether the amended petition relates back to the original pleading to defeat prescription. The amended petition can relate back "[w]hen the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." La. C.C.P. art. 1153.

"An amended petition relates back to the original petition if the original pleading '[gave] fair notice of the general fact situation out of which the amended claim arises.'" *Duvio v. Specialty Pools Co., LLC*, 2015-0423, p. 18 (La. App. 4 Cir. 6/16/16), 216 So.3d 999, 1012 (quoting *Gunter v. Plauche*, 439 So.2d 437, 440 (La. 1983)). "Article 1153 requires only that the amending petition's thrust factually relates to the conduct, transaction or occurrence originally alleged." *Gunter*, 439 So.2d at 440.

The trial court found that the claims were not prescribed because they "relate back" to Appellants' original, timely-filed petition for damages under La. C.C.P. art. 1153. Based on a review of the record, this determination is not manifestly erroneous.

The record reflects that, in Appellants' original petition for damages, filed on August 5, 2016, both Mr. Alexander-Bloch and The Times-Picayune are named as defendants liable to Appellants for "defaming and injuring by intentionally and/or negligently producing reports that were incomplete, inaccurate, and not a fair abridgement of the occurrences being reported." The petition specifically references Mr. Alexander-Bloch's reports in The Times-Picayune on the grand jury

investigation of Mr. Peralta and Mr. Perniciaro and/or ParaTech's alleged involvement in that investigation, which was also the subject of the March 3 through July 22 Articles. The original petition also specifically alleges facts occurring before, during, and after the articles were published, including statements by several individuals concerning their belief that Mr. Perniciaro was soon to be indicted along with Mr. Peralta. The thrust of the allegations raised in the amended petition about the March 3 through July 22 Articles is factually related to the allegations of the original petition.

Further, other than The Times-Picayune's claims to the contrary on appeal, the record does not reflect that it was prejudiced in any way in preparing their defense to the Appellants' claims. Instead, the record reflects that the Times-Picayune was put on notice of the parties whom Appellants alleged injured them, of the type of injury (defamation), and of the time frame in which those injuries allegedly occurred. We therefore conclude that the trial court was not manifestly erroneous in determining the claims in the January 26, 2018 second supplemental and amended petition for damages related back to the original petition and are not prescribed.

## II.    La. C.C.P. art. 971 Special Motion to Strike

Finding that none of the defamation claims are prescribed, we turn to whether the claims were properly dismissed pursuant to The Times-Picayune's special motion to strike under La. C.C.P. art. 971.

Defamation is "an invasion of a person's interest in his reputation and good name." *Sassone v. Elder*, 626 So.2d 345, 350 (La. 1993) (citing W. Page Keeton, *et al.*, *Prosser and Keeton on the Law of Torts*, § 111 (5th ed. 1984)). "Since at least 1840, the courts of this state have recognized that defamation is a quasi-offense

9

governed by [La. C.C.] art. 2315..." *Costello v. Hardy*, 2003-1146, p. 13, n. 10 (La. 1/21/04), 864 So.2d 129, 140.

"[N]ot all defamatory statements are actionable." *Fitzgerald v. Tucker*, 1998-2313, p. 11 (La. 6/29/99), 737 So.2d 706, 716. Both the United States and Louisiana Constitutions guarantee the freedom of speech. U.S. CONST., Amend. I (providing that "Congress shall make no law ... abridging the freedom of speech"); LA. CONST., Art. I, § 7 (providing that "[n]o law shall curtail or restrain the freedom of speech"). As a result, "[s]peech on matters of public concern enjoys enhanced constitutional protection." *Romero v. Thomson Newspapers (Wisconsin), Inc.*, 1994-1105, p. 6 (La. 1/17/95), 648 So.2d 866, 869 (citing *Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*, 472 U.S. 749, 105 S.Ct. 2939, 86 L.Ed.2d 593 (1985)). "A statement of opinion relating to matters of public concern which does not contain a provably false factual connotation will receive full constitutional protection." *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 20, 110 S.Ct. 2695, 2706, 111 L.Ed.2d 1, 18 (1990).

As this Court observed, La. C.C.P. art. 971 "was enacted by the legislature as a procedural device to be used early in legal proceedings to screen meritless claims pursued to chill one's constitutional rights under the First Amendment of the United States Constitution to freedom of speech and press." *Lee v. Pennington*, 2002-0381, p. 4 (La. App. 4 Cir. 10/16/02), 830 So.2d 1037, 1041. Pursuant to La. C.C.P. art. 971(A)(1), "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established a probability of success on the claim."

La. C.C.P. art. 971(F)(1) further provides that:

(1) "Act in furtherance of a person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue" includes but is not limited to:

(a) Any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law.

(b) Any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official body authorized by law.

(c) Any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest…

La. C.C.P. art. 971 is a burden-shifting statute. The party that files the motion "has the initial burden of proving that 'the cause of action arises from an act in the exercise of his right of free speech regarding a public issue.'" *Shelton v. Pavon*, 2016-0758, p. 3 (La. App. 4 Cir. 2/15/17), 212 So.3d 603, 607 (citing *Melius v. Keiffer*, 2007-0189, p. 3 (La. App. 4 Cir. 3/12/08), 980 So.2d 167, 171). If the mover meets this burden, the cause of action shall be stricken under La. C.C.P. art. 971, unless the opposing party can show a probability of success on their claim. The parties may submit affidavits to carry their burdens and, pursuant to La. C.C.P. art 971(A)(2), the trial court "shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based" in making its determination. *See also Muller v. Fort Pike Volunteer Fire Dep't*, 2019-0156, p. 9 (La. App. 4 Cir. 6/26/19), 275 So.3d 927, 933-34.

In reviewing a trial court's judgment on a special motion to strike, "an appellate court has an obligation to make an independent examination of the whole

11

record in order to make sure that the judgment does not constitute a forbidden intrusion on the field of free expression." *Bose Corp. v. Consumers Union of U.S., Inc.*, 466 U.S. 485, 499, 104 S.Ct. 1949, 1958, 80 L.Ed.2d 502 (1984) (quoting *New York Times Co. v. Sullivan*, 376 U.S. 254, 284-86, 84 S.Ct. 710, 728-729, 11 L.Ed.2d 686 (1964)) (quotation marks omitted). Therefore, "[a]ppellate courts review special motions to strike with the *de novo* standard of review because it involves issues of law and examines whether the trial court was legally correct." *Melius*, 2007-0189, p. 2, 980 So.2d at 170 (citing *Lamz v. Wells*, 2005-1497, p. 3 (La. App. 1 Cir. 6/9/06), 938 So.2d 792, 795); *see also Aymond v. Dupree*, 2005-1248, p. 5 (La. App. 3 Cir. 4/12/06), 928 So.2d 721, 726.

We find the defamation claims against The Times-Picayune by Appellants arise from acts in furtherance of the right to free speech under the United States and Louisiana Constitutions. All of the reports that form the basis of the claims against The Times-Picayune were written statements made in the public forum of a widely circulated publication. They also concerned issues of public concern involving alleged indictments of Mr. Peralta, a former SBPG official, along with reports on parish council meetings and their relation to ParaTech, which contracted with the SBPG via a master services agreement to perform IT services for the SBPG. Therefore, the claims are subject to La. C.C.P. art. 971.

The burden, thus, shifts to Appellants to establish a probability of success on their defamation claims against The Times-Picayune in order to defeat the special motion to strike. In order to prevail on a claim of defamation, a plaintiff must prove: "(1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury." *Trentecosta v. Beck*, 1996-2388, p.

10 (La. 10/21/97), 703 So.2d 552, 559. "A communication is defamatory if it tends to harm the reputation of another so as to lower the person in the estimation of the community or to deter others from associating or dealing with the person." *Id*.

Whether Appellants can succeed on their defamation claim turns on the issue of falsity. Appellants contend that the defamatory statements made by The Times-Picayune are false or, at the very least, that a reasonable trier of fact could find that they are false, and, thus, the trial court should have denied the special motion to strike. The Times-Picayune contends that the publications were not false, were fair abridgements or paraphrases, or are privileged, and the trial court correctly granted the special motion to strike.

We address the probability of success on each claim individually. *Darden v. Smith*, 2003-1144, p. 8 (La. App. 3 Cir. 6/30/04), 879 So.2d 390, 397 (finding that in cases where more than one defamation claim is raised, the court must examine the probability of each claim individually, and if the plaintiff can demonstrate a probability of success on any of his claims, then the special motion to strike must be denied).

### *July 15 Article*

First, we address the probability of success on Appellants' claims related to the July 15 Article. Appellants contend The Times-Picayune's reports of accusations by multiple councilmembers for the SBPG and specifically by Councilmember McInnis that ParaTech or Mr. Perniciaro stole government computers were false because ParaTech was authorized to remove the computers to do an audit on the SBPG's computers. Although Appellants do not dispute that Councilmember McInnis made statements about ParaTech taking the computers without authorization, they also argue that Mr. Alexander-Bloch knowingly

13

published Councilmember McInnis's false statements because Mr. Alexander-Bloch published an article discussing ParaTech's audit of the SBPG's computers several months earlier.

The record establishes that ParaTech indeed had a contract with the SBPG to perform an audit of the computers and presumably was authorized to remove the computers to perform the audit. Thus, Councilmember McInnis's accusations were false. However, the record also reflects—and Appellants claimed as much in their petition for damages—that Councilmember McInnis actually made the accusations that ParaTech and/or Mr. Perniciaro took the computers without authorization, as Mr. Alexander-Bloch reported. Therefore, although Appellants have established the statement published was false, they must establish that Mr. Alexander-Bloch was at fault by knowingly publishing a false statement, that is, that he published it with malice. *Trentecosta*, 1996-2388, p. 10, 703 So.2d at 559.

In *New York Times*, *supra*, the United States Supreme Court defined actual malice in the context of defamatory statements as those statements that were made "with knowledge that it was false or with reckless disregard of whether it was false or not." 376 U.S. 254, 279-80, 84 S.Ct. 710, 726, 11 L.Ed.2d 686 (1964). We find that Appellants cannot show malice here.

The record does not establish that Mr. Alexander-Bloch knew the statements by Councilmember McInnis were false when he published them. Instead, the record establishes that, at the time the July 15 Article ran, there was a conflict between the parish council and Mr. Peralta about whether ParaTech would continue to provide IT services to the SBPG. Therefore, it would be reasonable for a person to believe a parish councilmember when he said ParaTech took the computers without authorization because ParaTech may have been removed as the

14

SBPG's IT provider at the time the statement was made. Given the conflict over ParaTech's contract with the SBPG, the record also does not show that Mr. Alexander-Bloch or The Times-Picayune acted with careless disregard in publishing the article. Therefore, Appellants have not established a likelihood of prevailing on their defamation claim related to the July 15 Article.

### *August 7 Editorial*

Next, we consider the probability of success on the claims related to the August 7 Editorial. Appellants assert that Mr. Alexander-Bloch's August 7 Editorial, which reported on a grand jury indictment of Mr. Peralta, is false. Although the indictment charged Mr. Peralta with malfeasance in office for accepting a "a monetary loan, services and/or other items of value from Richard Perniciaro…when Richard Perniciaro's business entity, ParaTech, LLC, was seeking to and doing business with [the SBPG]," the August 7 Editorial stated Mr. Peralta had accepted something of value while Mr. Perniciaro and/or ParaTech was "trying to get a parish contract." Appellants contend this statement was false because it misstates the indictment, implying that there was an ongoing *quid pro quo* arrangement between ParaTech and Mr. Peralta and because ParaTech already had a contract with the parish at the time Mr. Peralta allegedly committed malfeasance according to the indictment. The Times-Picayune counters that the statements were not false, but merely paraphrased the indictment, and whether ParaTech had a contract at the time is irrelevant to the issue of falsity. We agree.

> Restatement (Second) of Torts, § 611 (1977) provides:
>
> The publication of defamatory matter concerning another in a report of an official action or proceeding or of a meeting open to the public that deals with a matter of public concern is privileged if the report is accurate and complete or a fair abridgement of the occurrence reported.

Here, notwithstanding the fact that the editorial does not quote the indictment verbatim—which Appellants imply is necessary for the publication to not be considered false—it is clear that it is a fair abridgement or paraphrase of the charge with which Mr. Peralta was indicted involving Mr. Perniciaro. The indictment, although only an accusation at the time, charges Mr. Peralta with improperly and illegally accepting gifts from Mr. Perniciaro or ParaTech in order for the SBPG to continue to do business with Mr. Perniciaro and ParaTech or for the SBPG to award future business to Mr. Perniciaro or ParaTech. The August 7 Editorial accurately reported the substance of that indictment by saying that Mr. Peralta was charged with accepting things of value from ParaTech while Mr. Peralta was in office. Therefore, we find that the Appellants cannot establish falsity of the editorial.

### March 3 through July 22 Articles

Last, we consider the probability of Appellants' success on their claims related to the March 3 through July 22 Articles. Appellants argue that these articles falsely stated or implied that Mr. Perniciaro assisted with, conspired in, or was otherwise involved in Mr. Peralta's criminal activities based on multiple statements by multiple prosecutors in multiple court hearings. Instead, Appellants argue that only one prosecutor made one statement in one court hearing about Mr. Perniciaro possibly violating a gag order which prevented Mr. Perniciaro from discussing the grand jury investigation into Mr. Peralta.

We again find that Appellants have failed to show falsity because the reports are a fair abridgement of what occurred. The record shows that there was a prosecutor with the Louisiana Attorney General's Office who referenced Mr.

16

Perniciaro in a court hearing in connection with Mr. Perniciaro's involvement with Mr. Peralta. The prosecutor implied that Mr. Perniciaro, along with others, may be investigated in connection with the investigation into Mr. Peralta's activities. The prosecutor stated that he believed Mr. Perniciaro may have violated the gag order on discussing the grand jury's investigation and specifically said the following:

> I've already made public comments about malfeasance, obstruction of justice and whatnot. It's quickly morphing into more of a conspiracy case, also. Once again, I can't go into particular facts. But actually, this incident, I anticipate, to be part of what's going to be presented to the grand jury that might be a superseding indictment, Judge.

The record also reflects that Mr. Peralta was later indicted for malfeasance in office for conducting an activity which necessarily requires two parties, *i.e.* one party (Mr. Perniciaro) giving a thing of value while conducting or seeking to conduct business with the SBPG and another party (Mr. Peralta) accepting that thing of value. This belies Mr. Perniciaro's statements that he was only ever involved in public bid-rigging. That Mr. Perniciaro was not formally charged later does not render the March 3 through July 22 Articles false.

Based on the foregoing, we find that the trial court correctly granted the special motion to strike because Appellants have not demonstrated a likelihood of succeeding on any of their defamation claims.

## III. Attorney's Fees

Having found that the special motion to strike was properly granted, we turn to the issue of attorney's fees. The Times-Picayune filed an answer to this appeal, arguing (1) that the trial court erred in reducing the amount of claimed attorney's fees from $41,339.50 to $19,650; and (2) that it is entitled to an additional award for attorney's fees incurred in performing work on this appeal.

17

"[A] prevailing party on a special motion to strike shall be awarded reasonable attorney fees and costs." La. C.C.P. art. 971(B). In determining the reasonableness of an award of attorney's fees, we apply the manifest error/clearly wrong standard of review. *Delta Chem. Corp. v. Lynch*, 2007-0431, p. 7 (La. App. 4 Cir. 2/27/08), 979 So.2d 579, 584.

Here, the trial court determined that The Times-Picayune's claimed attorney's fees should be reduced because work on its special motions to strike was duplicative. The trial court noted, and the record reflects, that two of the special motions to strike filed on July 27, 2017 and November 3, 2017, respectively, are virtually identical. The trial court concluded that it would only be appropriate to award attorney's fees incurred in the filing of the first motion to strike of January 6, 2016 and the last motion to strike of July 6, 2018 because they each involved new and/or additional factual and legal issues. Declining to award attorney's fees for work that was identical to and duplicative of prior work is not manifestly erroneous. We also find that the trial court correctly found that work not associated with the special motion to strike should not be awarded. *See Delta Chem. Corp.*, 2007-0431, p. 13, 979 So.2d at 588 (a prevailing party on a motion to strike "can recover only those fees associated with the motion to strike").

Finally, we address The Times-Picayune's claim for additional attorney's fees incurred for work performed on this appeal. As this Court noted in *Maldonado v. Cannizzaro*, 2018-0177, pp. 14-15 (La. App. 4 Cir. 10/10/18), 257 So.3d 733, 743, *writ denied*, 2018-1749 (La. 1/8/19), 260 So.3d 591:

> An increase in attorney fees is usually awarded where a party who was awarded attorney fees by the trial court is forced to and successfully defends an appeal. The award of additional attorney fees is to keep the appellate judgment consistent with the underlying judgment. To determine the amount of attorney fees, factors that are

considered include "the skill exercised by the attorney and the time and work required on appeal."

*State of Louisiana, Dept. of Transp. & Develop. v. Monteleone*, 2011-1013, p. 34 (La. App. 5 Cir. 11/13/12), 106 So.3d 153, 174 (internal citations omitted); *See also Whitbeck v. Champagne*, 2014-245, p. 22 (La. App. 3 Cir. 10/1/14), 149 So.3d 372, 386 (citing *McFadden v. Import One, Inc.*, 2010-952, p. 16 (La. App. 3 Cir. 2/9/11), 56 So.3d 1212, 1223).

The Times-Picayune has successfully defended this matter on appeal. Therefore, it is entitled to additional attorney's fees. The record, however, is not sufficient to establish an appropriate amount. Therefore, the matter is remanded to the trial court for determination of an appropriate award for attorney's fees incurred in connection with this appeal.

## DECREE

For the foregoing reasons, we affirm the trial court's judgment granting The Times-Picayune's special motion to strike pursuant to La. C.C.P. art. 971 and the award of attorney's fees and costs. We remand to the trial court for a determination of additional attorney's fees to which The Times-Picayune is entitled for work performed on this appeal.

**AFFIRMED AND REMANDED**